**Michael Anthony SAUNDERS,
Petitioner–Appellant,**

v.

**Denise MAYLE, Warden, et al.,
Respondents–Appellees.**

No. 00–55563.
D.C. No. CV–99–00075–RT.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and
THOMAS, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Saunders' request for oral argument is denied.

## MEMORANDUM **

Michael Anthony Saunders appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition, challenging his guilty-plea conviction and sentence for one count of second degree robbery, in violation of California Penal Code § 211, with enhancements for prior convictions and use of a weapon. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's decision to deny a habeas petition, *Wade v. Terhune,* 202 F.3d 1190, 1194 (9th Cir.2000), and we affirm.

Saunders contends that he received ineffective assistance of counsel, and that his plea was not knowing and voluntary because he did not understand the consequences of his plea. This contention is unavailing. "We have never held that the United States Constitution requires the State to furnish a defendant with information about parole-eligibility in order for the defendant's plea of guilty to be voluntary ..." *See Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see also Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970) (holding that due process requires that defendant be fully aware of direct consequences of guilty plea); *Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.) (setting forth standard for relief under § 2254), *cert. denied,* 531 U.S. 944, 121 S.Ct. 340, 148 L.Ed.2d 274 (2000). Moreover, based on our review of the record, we conclude that Saunders has not adequately demonstrated he was prejudiced by his plea. *See Hill,* 474 U.S. at 58–59, 106 S.Ct. 366

(requiring a showing there of a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

